| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO.:<br>ATTORNEY FOR *(Name)*: | FILED<br>CLERK. U.S. DISTRICT COURT<br>OCT 11 2016<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

NAME OF COURT:
STREET ADDRESS: United States District Court, Central District of California
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF: Fund Recovery Services LLC

DEFENDANT: Shoreside SPV Funding I, LLC

| TEMPORARY PROTECTIVE ORDER | CASE NUMBER: 2:16-cv-06954-SJO-JC |
|---|---|

1. The court has considered the application of plaintiff for
   a. [X] a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. [ ] an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

## FINDINGS

2. THE COURT FINDS
   a. Defendant is a   [ ] natural person   [ ] partnership   [ ] unincorporated association   [ ] corporation
      [X] other *(specify)*: LLC
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $2,158,793.09
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) [X] There is a danger that the property sought to be attached would be
         (a) [ ] concealed.
         (b) [X] substantially impaired in value.
         (c) [ ] made unavailable to levy by other than concealment or substantial impairment in value.
      (2) [ ] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) [ ] Other circumstances:

   g. [X] The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $                        before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is: See Attachment

**TEMPORARY PROTECTIVE ORDER**
**(Attachment)**

| SHORT TITLE:<br>Fund Recovery Services LLC v. Shoreside SPV Funding I, LLC, et al. | CASE NUMBER:<br>2:16-cv-06954-SJO-JC |
|---|---|

2.  j.  ☐  The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

    k.  ☐  Other *(specify)*:

## ORDER

3.  THE COURT ORDERS

    a.  Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings. except as set forth below.

    b.  ☐  Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

    c.  ☐  Other *(specify)*:

    d.  This order shall expire at the earliest of the following times:
       (1) when plaintiff levies upon specific property described in this order,
       (2) after *(date)*: November 7, 2016                                  , or
       (3) 40 days after the issuance of this order.

4.  Number of pages attached: ___1___

Date: October 11, 2016

Honorable Jacqueline Chooljian
......................................................
          (TYPE OR PRINT NAME)                                       (SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.

    a.  You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes: Payments to Princeton Alternative Income Fund, LP/Fund Recovery Services LLC and
       (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
       (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
       (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
       (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
    b.  In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
       (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
       (2) One thousand dollars ($1,000).
    c.  If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

[SEAL]

1209

## CLERK'S CERTIFICATE

I certify that the foregoing is a correct copy of the original on file in my office.
Date:

Clerk, by _____ , Deputy

Attachment to Temporary Protective Order – Shoreside SPV Funding I, LLC
Fund Recovery Services LLC v. Shoreside SPV Funding I, LLC, et al.
Case No. 2:16-cv-06954-SJO-JC

All real and personal property **in the State of California** of defendant Shoreside SPV Funding I, LLC, who is not a natural person, for which a method of levy is provided – **up to the amount of $2,158,793.09**, including but not limited to the following **in the State of California**:

1.  All interests in real property pursuant to C.C.P. § 488.315

2.  Deposit accounts pursuant to C.C.P. § 488.455 at any and all banks and financial institutions

3.  Accounts receivable or general intangibles of defendant (including bank accounts in California) pursuant to C.C.P. § 488.470

4.  Property held in safe deposit boxes pursuant to C.C.P. § 488.460

5.  Personal property that defendant possesses or controls pursuant to C.C.P. § 488.335

6.  Vehicle, vessel, mobile home or commercial coach pursuant to C.C.P.§ 488.385

7.  Chattel paper pursuant to C.C.P. § 488.435

8.  Instrument pursuant to C.C.P. § 488.440

9.  Negotiable document of title pursuant to § 488.445

10. A security, or securities, pursuant to C.C.P. § 488.450

11. Minerals or the like pursuant to C.C.P. § 488.325

12. Tangible personal property in levying officer's custody pursuant to C.C.P. § 488.355

13. Tangible personal property that a third person possesses/controls pursuant to C.C.P. § 488.345

14. All equipment of defendant, wherever located in the State of California pursuant to C.C.P. § 488.375

15. All inventory of defendant, wherever located in the State of California pursuant to C.C.P. §§ 488.395 or 488.405

16. Final money judgment(s) of defendant pursuant to CCP § 488.480