TROUTMAN SANDERS LLP
Peter N. Villar, Bar No. 204038
peter.villar@troutmansanders.com
Edward S. Kim, Bar No. 192856
edward.kim@troutmansanders.com
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendants
SHORESIDE CAPITAL, LLC, SHORESIDE SPV
FUNDING II, LLC, FPH CAPITAL PARTNERS,
NAVIN NARANG and BRAD BARLOW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FUND RECOVERY SERVICES LLC, <br><br> Plaintiff, <br><br> v. <br><br> SHORESIDE SPV FUNDING I, LLC; SHORESIDE LOANS, LLC; DYLAN C. COHEN; RICHARD COHEN; NANCY COHEN; KATHY COHEN; SHORESIDE SPV FUNDING II, LLC; SHORESIDE CAPITAL, LLC; FPH CAPITAL PARTNERS, NAVIN NARANG, BRAD BARLOW, JOHN or JANE DOES, 1 through 10, and ABC CORPORATIONS, 1 through 10, <br><br> Defendants. | Case No. 2:16-cv-06954-SJO-JC <br><br> Honorable James Otero <br> Courtroom: 1, 2nd Floor <br><br> **DECLARATION OF NAVIN NARANG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** <br><br> Date: <br> Time: <br> Dept.:   Ctrm. 1, 2nd Floor <br><br> Verified Complaint Filed: September 15, 2016 |

I, Navin Narang, declare as follows:

1. I am the Managing Partner of FPH Capital Partners and the Manager of Shoreside Capital, LLC. I submit this Declaration in Opposition to Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (the "*Ex Parte* Application"). I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2. It is my understanding that Plaintiff claims that ex parte relief is necessary because it has allegedly been attempting to service the loan portfolio at issue since July 28, 2016, and that Shoreside Capital has allegedly refused to provide the information necessary to service the loan portfolio. These assertions are simply untrue. Instead, Plaintiff affirmatively requested that Shoreside Capital service the loans prior to July 28, 2016, and even after that date, Plaintiff requested time and again, on a recurring week to week basis, for defendant Shoreside Capital to continue to service the loans.

3. Attached hereto as Exhibit 1 is a true and correct copy of an email dated August 11, 2016 from Plaintiff's Chief Operating Officer, Jack Cook to me stating as follows: "Per our discussion, please continue to service the loan portfolio in accordance with the current agreement for one week."

4. In fact, Shoreside Capital repeatedly advised Plaintiff that it preferred to transfer the loan servicing to Plaintiff or its designee, but Plaintiff repeatedly requested and insisted that Shoreside Capital continue to service the loans.

5. Attached hereto as Exhibit 2 is a true and correct copy of an email dated August 15, 2016 that I sent to Mr. Cook requesting to discuss the logistics and timing of transferring the loan servicing duties to Plaintiff or its designee. In response, Mr. Cook stated on August 15, that, "we have no idea of timing yet." (See Exhibit 2.) I attempted to follow up again on August 17, 2016 to discuss the transfer of loan servicing duties to Plaintiff or its designee. (See Ex. 2.) In

response, Mr. Cook stated on August 17 that "nothing had been decided and it would be best to continue servicing the portfolio." (See Ex. 2.)

On August 18, 2016, I informed Mr. Cook as follows: "Per our discussion we will continue servicing the portfolio through the end of business tomorrow Friday 8/19/16. At that point, we will cease servicing the portfolio and make our team fully available to assist with the transition to the new servicer." A true and correct copy of my email dated August 18, 2016 to Mr. Cook is attached hereto as Ex. 3) In direct response, Mr. Cook stated as follows: "I did not agree to the end of the servicing of the portfolio. Are you abandoning the portfolio?" (See Ex. 3.) I responded to Mr. Cook's email as follows: "Shoreside Capital does not have a formal servicing agreement and we have extended your 1 week email based temporary servicing agreement based on your emails at least 5 times out of courtesy. I am not sure what you mean regarding abandoning the portfolio as Shoreside Capital does not have any interest or obligation to said portfolio." (See Ex. 3.)

6. Because Plaintiff refused to take over the servicing of the portfolio following these communications, Shoreside Capital continued to service the portfolio at Plaintiff's request and repeatedly requested that Plaintiff identify the new loan servicer so Shoreside Capital could transfer the servicing duties to Plaintiff or its designee.

7. It was not until October 12, 2016 that Plaintiff finally notified Shoreside Capital of its intention to take over the servicing of the portfolio through a letter dated October 12, 2016 from Plaintiff's counsel, Jeffrey Goldman.

//
//
//
//

End of Text

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2016, at Big Sky, Montana.

_____
Navin Narang