TROUTMAN SANDERS LLP
Edward S. Kim, Bar No. 192856
edward.kim@troutmansanders.com
Peter N. Villar, Bar No. 204038
peter.villar@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700

Attorneys for Defendants
SHORESIDE CAPITAL, LLC, FPH CAPITAL PARTNERS, SHORESIDE SPV FUNDING II, NAVIN NARANG and BRAD BARLOW

TISDALE & NICHOLSON, LLP
Guy C. Nicholson, Bar No. 106133
gnicholson@t-nlaw.com
2029 Century Park East, Suite 900
Los Angeles, California  90067
Telephone:  310.286.1260

Attorneys for Defendants
SHORESIDE LOANS, LLC, SHORESIDE SPV FUNDING I, LLC, RICHARD COHEN, DYLAN COHEN, NANCY COHEN AND KATHY COHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FUND RECOVERY SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHORESIDE SPV FUNDING I, LLC; SHORESIDE LOANS, LLC; DYLAN C. COHEN; RICHARD COHEN; NANCY COHEN; KATHY COHEN; SHORESIDE SPV FUNDING II, LLC; SHORESIDE CAPITAL, LLC; FPH CAPITAL PARTNERS, NAVIN NARANG, BRAD BARLOW, JOHN or JANE DOES, 1 through 10, and ABC CORPORATIONS, 1 through 10,<br><br>Defendants. | Case No.  2:16-cv-06954-SJO-JC<br><br>Honorable James Otero<br>Courtroom: 1, 2nd Floor<br><br>**DECLARATION OF EDWARD S. KIM IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

29763604v1

DECLARATION OF E. KIM ISO EX PARTE APPLICATION

I, Edward S. Kim, declare as follows:

1. I am a partner with Troutman Sanders LLP and counsel of record for defendants Shoreside Capital, LLC, FPH Capital Partners, Shoreside SPV Funding II, Navin Narang and Brad Barlow. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto. I submit this declaration in support of Defendants' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.

2. On November 17, 2016, I called and spoke with Plaintiff's counsel Angelo Stio in two separate telephone conversations. In my first conversation with Mr. Stio, I requested that Plaintiff cease and desist the diversion of Shoreside Capital's mail and to return Shoreside Capital's mail and to return and account for loan payment checks that belong to Shoreside Capital. Mr. Stio advised me that he was unaware of any attempts by Plaintiff to divert the mail of Shoreside Capital and that Plaintiff did not contend that it had any right to divert Shoreside Capital's mail. Mr. Stio indicated that he would confer with his clients and respond to me with further information. I further advised Mr. Stio that Shoreside Capital would seek expedited relief on an *ex parte* basis if Plaintiff refused to comply with my request.

3. Later that day on November 17, 2016, Shoreside Capital learned for the first time that Plaintiff had caused non-party Payment Data Systems ("PDS") to freeze the distribution of payments by purporting to serve the Writ of Attachment issued by the Court in this action. I contacted Plaintiff's counsel, Angelo Stio, by telephone again on November 17, 2016. During that call, I objected to Plaintiff's service of the Writ of Attachment on PDS seeking to levy on assets located outside of California and interfering with and disrupting the receipt of loan payments belonging to Shoreside Capital, and requested the withdrawal of purported service of the Writ of Attachment on PDS. Mr. Stio advised me that he was not involved with nor presently aware of Plaintiff contacting PDS or serving PDS with the Writ

of Attachment. Mr. Stio further advised me that he would confer with his client on this issue and would respond to me with further information. I further advised Plaintiff's counsel that Shoreside Capital would seek expedited relief on an *ex parte* basis if Plaintiff refused to withdraw the purported service of the Writ of Attachment on PDS.

4. On November 18, 2016, I sent a letter to Plaintiff's counsel, Angelo Stio, once again objecting to Plaintiff's diversion of Shoreside Capital's mail and electronic payment processing transactions, and providing notice of Shoreside Capital's intention to seek *ex parte* relief. A true and correct copy of my November 18, 2016 letter to Mr. Stio is attached hereto as Exhibit A.

5. Attached hereto as Exhibit B is a true and correct copy of the transcript of the October 11, 2016 hearing before Magistrate Judge Chooljian on Plaintiff's Ex Parte Application for Order Shortening Time to Hear Plaintiff's Application for Writ of Attachment and Temporary Protective Order.

6. It is my understanding that on or about November 21, 2016, counsel for Shoreside Loans and Shoreside SPV received a package from Plaintiff that included the return of various items of mail diverted by Plaintiff. It is my further understanding that this included a letter from the U.S. Treasury Department addressed to Shoreside Capital dated November 8, 2106. Recognizing that the letter was addressed to Shoreside Capital, counsel for Shoreside Loans forwarded the letter to me. A true and correct copy of the November 8, 2016 letter from the U.S. Treasury Department to Shoreside Capital is attached hereto as Exhibit C. That letter from the U.S. Treasury Department included a confidential PIN number for Shoreside Capital to submit electronic tax payments. The PIN number has been redacted in Exhibit C to preserve its confidentiality. Notably, the letter from the U.S. Treasury Department was addressed to Shoreside Capital but the original mailing address was to Plaintiff's business address in New Jersey.

I declare under penalty of perjury under the laws of the United States of

1  America that the foregoing is true and correct.  Executed on November 21, 2016, at
2  Irvine, California.

/s/ Edward S. Kim
Edward S. Kim

29763604v1      - 4 -      DECLARATION OF E. KIM ISO EX PARTE APPLICATION