# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** **CV 16-06954 SJO (JCx)**     **DATE:** **March 7, 2018**

**TITLE:** **Fund Recovery Services, LLC v. Shoreside SPV Funding I, LLC et al.**

========================================================================

**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                  Not Present
Courtroom Clerk                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                    Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANTS' MOTION FOR MONETARY SANCTIONS** [Docket No. 222]; **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF** [Docket No. 229.]

This matter is before the Court on Defendants Dylan C. Cohen's and Richard Cohen's (together, the "Cohens" or "Defendants") Motion for Monetary Sanctions against Plaintiff Fund Recovery Services, LLC and Phillip Burgess ("Motion") filed January 12, 2018. Plaintiff Fund Recovery Services, LLC ("FRS" or "Plaintiff") opposed the Motion ("Opposition") on January 30, 2018, and Defendants replied ("Reply") on February 6, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 20, 2018. *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **DENIES** Defendants' Motion for Sanctions.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2016, Plaintiff filed a Complaint against numerous parties including the Cohens. The Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Compl. ¶ 1, ECF No. 1.)  Over the following year, the case proceeded through the various pretrial phases with neither party questioning the parties' diversity.  It was only during the Pretrial Conference on December 8, 2017 that the Court, *sua sponte*, noted that Plaintiff, as a limited liability company, shares citizenship with all of its members and inquired as to the citizenship of Plaintiff's members. Plaintiff's counsel was not able to provide  (Transcript for Proceedings Held on 12/8/17, ECF No. 220.)  Shortly thereafter, Plaintiff filed a declaration disclosing that it had a single member, Princeton Alternative Income Fund LP ("PAIF") and that PAIF had at least two partners residing in California.  (Declaration of Jack Cook, ECF No. 217.)  Because PAIF shared citizenship with each of its partners and because FRS shared citizenship with PAIF, the Court dismissed the case on December 12, 2017, holding that "[b]ecause Plaintiff shares California citizenship with numerous Defendants, there is no diversity of citizenship and the Court may not exercise subject

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 16-06954 SJO (JCx)**          **DATE: March 7, 2018**

matter jurisdiction."  (Minute Order, ECF No. 219.)  On January 12, 2018, Defendants filed the present Motion.[1]

II.    DISCUSSION

In this Motion, Defendants seek monetary sanctions against FRS and one of its non-party owners[2], Philip Burgess, alleging that Mr. Burgess—and therefore FRS—was aware that the Court lacked subject matter jurisdiction over the case since at least June 1, 2017.  (Mot. 2.)  On that date, the United States District Court for the District of Arizona—in an unrelated action to which Mr. Burgess was not a party—ordered a separate entity, FRS GC LLC, to file a supplement disclosing the names and citizenship of each of its members.  (Mot. 2.)  FRS GC LLC responded that it had a single member, PAIF, and disclosed the citizenship of each partner in PAIF.  (Mot. 3.)  From this, Defendants argue that Mr. Burgess was aware that both Plaintiff and PAIF were California citizens and that diversity jurisdiction was therefore improper in the current action.  (Mot. 3.)  They contend that all actions taken after the Arizona court's order were in bad faith and that Plaintiff and Mr. Burgess should be held liable for attorneys' fees and costs in the amount of $297,120.50.  (Mot. 12-13.)

Plaintiff responds that bringing the action in federal court in the mistaken belief that diversity jurisdiction existed was not a reasonable ground for sanctions.  (Opp'n 4-7.)  It further alleges that Defendants have failed to provide any evidence of bad faith aside from circumstantial extrapolation based on the declaration filed in the Arizona action.  (Opp'n 7-10.)  Finally, Plaintiff argues that the attorneys' fees requested are unreasonable and not supported by admissible evidence. (Opp'n 10-12.)

Having read and considered these arguments, the Court concludes that sanctions are not warranted in this case.  The fact that a non-party filed a declaration in an unrelated case, involving an entirely different entity, in a different court, with different counsel is insufficient evidence from which to conclude that the action was the result of "any improper purpose, such as to harrass or to cause unnecessary delay or needless increase in the cost of litigation . . ."  Fed. R. Civ. P. 11(b)(1).  Furthermore, Plaintiff's mistaken belief that FRS was a New Jersey citizen is "the type

_____

[1]  The Court is also in receipt of Defendants' Ex Parte Application for Leave to File a Supplemental Reply Brief, filed February 21, 2018.  (ECF No. 229.)  Having read and considered Defendants' argument for supplemental briefing, the Court **DENIES** the Application.

[2]  Defendants state that Mr. Burgess "is an owner of Plaintiff and PAIF," yet Plaintiff's previously disclosure reveals that FRS is wholly owned by PAIF which is, in turn, owned by ten limited partners.  (Declaration of Jack Cook, ECF No. 217.)  Nevertheless, the precise nature of Mr. Burgess' relationship to FRS is irrelevant to the Court's assessment.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**  **CV 16-06954 SJO (JCx)**          **DATE:** **March 7, 2018** _____

of technical error that courts traditionally allow parties to correct [and] it would be improper to impose sanctions solely on this basis." *Montrose Chemical Corp. Of California v. American Motorists Ins. Co.*, 117 F.3d 1128, 1136 (9th Cir. 1997). For these reasons, the Court **DENIES** Defendants' Motion for Monetary Sanctions.

III.   RULING

For the foregoing reasons, the Court **DENIES** Defendants Dylan C. Cohen's an Richard Cohen's Motion for Monetary Sanctions and **DENIES** Defendants Ex Parte Application for Leave to File Supplemental Reply Brief.

IT IS SO ORDERED.